IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

JIHAD ABDUL-MUMIT,
MATTHEW ABEDI,
MONICA ADAIR SARGENT,
MARK AGEE,
ALIZ AGOSTON,
YVONNE ALSTON,
DAN AMATRUDA,
KRISTY AMBROSE,
KIMBERLEY AMICK,
WANDA G. AMOS,
CHRISTOPHER ARAUZA,
CARL ARSENAULT,
BROOKE ASHER,
MICHELLE ATKINS,
RAYMOND O. ATKINS,
MATTHEW ATWELL,
DAVID AUB,
SOHA AYYASH,
ASIF AZIZ,
SUSAN BAILEY,
KAREN BAKER,
HAB BAKER, III
TERRY BARNES,
JOSEPH BARTELL,
HARRY L. BARTON,
BENJAMIN BASHAM,
JAMES BASHAM,
MATTHEW BASILONE,
JOHN BAXTER,
JOHN BEASLEY,
TIMM BECHTER,
ELIZABETH BELEVAN,
BARBARA BELL,
JUDY BENDER,
AMINE BERBALE,
JAMES BERLING,
SHARON BISDEE,
WILLIAM BONNER,
WALTER BORDEAUX,
GARY BOYETTE,
TODD BRADBURY,
KAREN BRADBURY,
JOHN BRANCATO,

WILLIAM BREWSTER,
LORI BRODIE,
GLORIA BROOKS,
ELSE BROWN,
MELANIE BROWN,
ANGELA BROWN,
GARY BROWN,
JEANNE BROWN,
SYDNEY BRUMBELOW,
JAN BURFORD,
SARA BURRUSS,
JAMIE BURTON,
JOSEPH CALDARELLI,
JASON CALL,
TODD CARLSON,
HOWARD L. CARPENTER,
CYNTHIA CARTER,
FREDERICK CARTER,
JACKLYN CASSELLE-TUPPONCE,
JARED CASTRO,
REBECCA CATLETT,
SUSAN CAVE,
KIRT CHAPPELLE,
LINDA CHESSEBORO,
ROGER CHESLEY, JR.,
STEVE CHILDRESS,
DAN CHO,
SUNG CHO,
SUNG CHUN,
WILLIAM CLARK,
LINDA CLUNE,
STUART COCHRAN,
CHARLES COCHRANE,
ANGEL COLLINS,
HENRY SHANE COLVIN,
KARRI COLVIN,
CARLY CONNELLY,
ANGIE CONNER,
JEREMY CONRAD,
PHILIP F. CORRAO,
KIMBERLY CRAWFORD,
MARGARET CRITTENDON,
APRIL CROCKER,
WILLIAM CROMER,
JAY CUNNINGHAM,
MARY CURTIS,

ROBERT DANIELS,
DONNA DAVIS,
BOYD DAVIS,
LISA DAVIS,
ROGER DAVIS,
MICHELLE DEBROSSE,
MICHAEL DECANIO,
ALMA DELIA DELEON,
JENNIFER DEMARCO,
ANTHONY DEPAUL, JR.,
GEORGE D. DESPERT, III,
CYNTHIA DEVANE,
RUTH DIAZ,
RON DICKMAN,
SHERI DIXSON,
SONYA DODSON,
JESENIA DOMINGUEZ,
TERRY DONALDSON,
LATAVIA DREW,
ARLENE DREWRY,
CHRISTINA DRUGATZ,
JEFFREY DRUGATZ,
KAREN DUNCAN,
SANDRA K. DUNTON,
JEFF EDDY,
DEBORAH EDGE,
DEBORAH EDGEFIELD,
PAMELA EDWARDS,
KASEY EIKE,
MIRIAH EISENMAN,
FREDERICK EITEL,
SHARON EKSTRAND,
NICOLE ELSESSER,
JOSEPH ELTON,
KAREN EVANS,
MASE FABAR,
FLOYD FALLIN, JR.,
ELIZABETH FARRELL,
MARGIE D. FAULS,
CAITLIN FEELEY,
BARRY FELDMAN,
BRIAN FELDMAN,
WANDA FERGUSON,
JAMES FICKLE,
SHIRLEY FICKLE,
SCOTT FLORA,

THOMAS ROBERT FRANCO,
JOHN FRANKLIN,
JOHN FRANKLIN,
TAMMY FRANKLIN,
ANTHONY FREDERICK,
TRACY FREDERICK,
THOMAS FREEZE,
ADAM FURMAN,
ALICIA FUSCO,
DONNA GADDIS,
GUILLERMO GALARZA,
IVAN GALLOWAY, JR.,
IDA GARNER,
WILLIS M. GARY,
KURT GERGLE,
TARUN GHAI,
ELAINE GIBSON,
HELEN GILLESPIE,
MELODY GILLEY,
TANJA GILMORE,
BRIAN GLAUB,
BARRY GOLDBERG,
SCOTT GOODMAN,
RICHARD GOULD,
TROY L. GRAHAM,
GABRIELA GRAJEDA,
ELIZABETH GRANT,
BRANDI GRAY,
CHRISTIE GRAY,
JANIE GRAY,
VALERIE GRAY,
ADAM GRAYBERG,
AYNDRIA GREEN,
DIANA GRIFFIN,
PAUL J. GROVER,
JESSICA GROVES,
DEDRA GUENO,
CARL GUSSGARD,
ARNOLD GUTMAN,
JULIAN GUTTERMAN,
TESSIE GUTTERMAN,
LISA HAGERTY,
LAUREN HAGY,
CEDON J. HALEY, JR.,
DOROTHY HALPIN,
NANCY N. HAMLETT,

ERESTINE HARDING,
DEBORAH HARE,
AQUISI HARRIS,
KENDALL HARRIS,
MARY HARRIS,
PATRICE A. HARRIS,
BRIANNA HARRISON,
SHARON HARRISON,
SHARON HART,
LEE ANN HARTMANN,
PATRICIA HAUSER,
DEANNA HAVERLY,
LESLIE HEARN,
KATHLEEN HEDRICK,
AMANDA HEINLEIN,
CHARLES HELMS,
ROBERT HENDRICKSON,
STEPHEN HERMAN,
JAMES HERRINGTON,
WILLIAM HESTER, JR.,
DEBBIE HETTERLY,
NANCY HICKMAN,
JEREMY HILLBERRY,
GREG E. HINES,
ROBERT HITE,
BRITTANY HOBAN,
PAM HODGES,
THURMAN HODGES,
CHRISTOPHER HOEHN,
TIMOTHY HOLROYD,
CAROLYN HORCHNER,
JEFFREY HORCHNER,
BETTY HORNICK,
JENNIFER HORNING,
MAJOR M. HORTON,
BITSY HOUSE,
ALYSSA HRONOWSKI,
TEDDY HUDDLESTON,
JERRY HUDSON, SR.,
HUBERT HUGHES,
SHAY HUNTER,
MARK HUSTEAD,
CAROL HUTCHINSON,
NATHEN ILLIDGE,
GEORGE IOANNOU,
FRANCES JACOCKS,

PATRICIA JACOCKS,
JASON JAFFEUX,
SALLY JAMES,
ANN JANSEN,
STACEY JANSEN,
JOYCE JANTO,
WALTER JEFFRIES,
JANICE JENKINS,
RASHEEDAH JOHNSON,
CHELSEA JOHNSON,
TODD JOHNSON,
MONICA JOHNSON,
DERWOOD JOHNSTON,
JOHN JOHNSTONE,
CHRISTINA JONES,
PAMELA JONES,
WILBER B. JONES,
RICHARD JORDAN,
SANDRA JORDAN,
SHERYL JORDAN,
JENNIFER JUSTICE,
KIM KEATING,
CODY KELLY,
TERESA KELLY,
MELANIE KENYON,
JOHN KERR,
SHEA KERSEY,
HANNAH KIGHT,
WILLIAM KIGHT,
MIKYUNG KIM,
CAROLYN S. KINES,
LARRY KING,
SUSAN KING,
VERNON KIRBY,
DIANA KITE,
EDWARD KIZER,
PATSY KIZER,
JOHN A. KNIGHT,
CONNIE KNISELEY,
DONNA KNOELL,
AMANDA KOZAK,
TAMARA KROBERT,
FRANK KULOVITZ,
CARL KURI,
KELLY KUSEK,
VICTOR C. KVIETKUS,

BRENDA LACKEY,
TAMMY LACKEY,
MARY LANG,
MARKUS LANGE,
CATHERINE LANTZ,
GLENN LAVINDER,
CHRISTOPHER LEGENDRE,
BARBARA LEGGETT,
DAVID LEHMAN,
CALVIN LEWIS,
GLORIA LEWIS,
REGINA LEWIS,
DELORES LINDBLOM,
WILLIAM LIPFORD,
ASHLEY LIPPOLIS-AVILES,
MIKE LITTMAN,
BILLY LLEWELLYN,
ROBIN LOVETT,
DAVID W. LOVING,
CYANE LOWDEN,
KEN LU,
JOSHUA LUBECK,
SANDRA LUBECK,
ROBERT R. LUCAS,
PATRICIA LYONS,
WILLIAM LYONS,
ANITA MADISON,
JOHN MALIZIA,
SUZANNE MALIZIA,
THOMAS MALONE,
STANLEY MARCUS,
CHARLES MARTIN,
HEATHER MATSEY,
JAMES MATSEY,
RODNEY MATTHEWS,
SHAWNA MATTOCKS,
MATTHEW MATTRO,
JEFF MAY,
HAROLD MAYHEW, JR.,
SHAWN MAYNOR,
DIANDRA MAYO,
ROBERT MCCARRAHER,
CHRISTINE MACCASLIN,
PENNY MCCENEY,
ROBERT MCCLELLAND,
SUSAN MCCLELLAND,

MICHAEL MCCLENNING,
ROBERT MCCURDY,
JOSEPH MCDANIEL,
SUSAN MCFADDEN,
WILLIAM MCFADDEN,
MARK MCGINLEY,
RICHARD MCGRUDER,
VICTORIA MCGRUDER,
DONALD MCINTIRE,
CAROL MEIGGS,
KAREN MELLER,
CARMEN MERCADO,
SCOTT MEYERS,
CHRISTY MILLER,
DAVID MILLER,
RON MILLER,
MARIA MING LI,
MARY MITCHELL,
TERRIE MITCHELL,
BANKS MITCHUM,
BENJAMIN MOHER,
DAVID MOLINARI,
JUNG MOON,
KAREN MOONEY,
BONNIE MOORE,
MONTE MORGAN,
PHILLIP MORGAN,
WILLIAM MORGAN,
BRYON MOSS,
SUZANNE MOWBRAY,
DAVID MULLIGAN,
MARY MULLIGAN,
NANCY MURRAY,
ROGER MYERS,
PATRICK NANCE,
DENNIS NEGRAN,
PENNIE NEWELL,
GLEN NEWITT,
JACQUI NEWITT,
EDWARD NEWMAN, JR.,
KEVIN NEWSOME,
REVEREDY NICHOLSON,
PATRICIA NICOSIA,
RANDALL NIXON,
KAREN NOLAN,
RYAN NOLETTE,

BRYAN NORDQUIST,
SERGEI NOVITSKY,
JONATHON O'BRIEN,
ADRIAN ODYA-WEIS,
WILLIAM O'FLYNN,
DENNIS OLEARY,
JOHN OLSEN,
KAREN O'NEIL,
TANA RAE OROPEZA,
BRIAN OSBORNE,
CANDACE OWENS,
LYNN PAGE,
TANYA PALIK,
RONA PALMER,
ASHLEY PANNELL,
HARRY PAULETTE,
TANYA PEAKE,
DONNA PEARSON,
RICHARD PEARSON,
JOHN PEDERSEN,
CHRIS PENA
ROY MASON PENNINGTON, III,
NICHOLAS PEREZ,
GREG PERIGARD,
KIM PERKINS,
MARK PERRY,
BRADY PETERS,
KAREN PETERS,
REBECCA PETRELLA,
SUSAN PETRIE,
THOMAS PETIT,
ADRIAN PHILLIPS, JR.,
ANNE PICCIANO,
JOHN PICCIANO,
CARL PIERCE,
SIVATHANU PILLAI,
DEBRA PINES,
CHARLES PINKARD,
LILIA PINSON,
ARLOVE PLUNKETT,
TIMOTHY POHLIG,
DENISE POINDEXTER,
RACHEL POLIQUIN,
MARGARET POMEROY,
DAVID POORE, III,
LAURA POTTER,

KATHY POWERS,
LINDA PRATT,
BERNARD PRESGRAVES,
JASON PRICE,
DENISE PRYOR,
JOSHUA PUCCI,
VICTORIA PUCKETT,
SARA PULLEN,
TONY PULLEY,
CYNTHIA QUATTLEBAUM,
EVA RALSTON,
WILLIAM RALSTON,
HANNAH RAMEY,
JACQUELINE RANDOLPH,
THOMAS RANDOLPH,
MICHAEL RANGER,
BRAD RANSOM,
NANCY RANSOME,
HENRY REQUEJO,
DAVID REYNOLDS,
ROSE RICKER,
DANNY RIDDLE,
ROBIN ROBERT,
JOSHUA ROBERTS,
MARY ROBERTS,
ANNIE ROBINSON,
ANTONIO ROBINSON,
ROCKY ROCKBURN,
DREW ROPER,
TROY ROSIER,
ERIC ROTHMAN,
BRIAN ROWE,
JULIET ROWLAND,
JOHN ROWLEY,
NANCY ROWSEY,
STEPHEN RUBIS,
KYLE RUSSELL,
JENNIFER RYAN,
THOMAS RYDER,
JOSEPH SALAZAR,
RANDALL SAMPLES,
REBECCA SAMUELSON,
THOMAS SANCHEZ,
AARON SANDERS,
ASOK KUMAR SARKAR,
TOM SCARCELLA,

EDWARD SCEARCE,
SHANE SCHLESMAN,
WADE SCHWANKE, JR.,
GWEN SEAL,
AMY SEAY,
BRADLEY SEAY,
CHARLES SELTMAN,
PATTY SENTER,
LYNN SETTLE,
TIM SEYMOUR,
RONALD SHARP,
ERNEST SHARPE,
SHIRLEY SHAW,
STEPHANIE SHELOR,
MICHELLE SHIFFLETT,
SANDRA SHIFFLETT,
JUNE SHORES,
D. SHAWN SHUMAKE,
NINA SIBERT,
ROBERT SILBER,
CHRISTIAN SIMMERS,
MARY SINGHAS,
RANDALL SINGHAS,
AMY SMITH,
DAPHNE HOPE SMITH,
LISA SMITH,
STEPHEN SMITH,
SUZANNE SMITH,
KRISTINE SMOLENS,
HOWARD SNYDER,
WESLEY SONGER,
EMILY SPARKS,
BRIAN SPENCER,
SVETLANA SPENCER,
PATRICIA SPIER,
LORI SPIK,
DEREK ST. ONGE,
RONALD STAFFORD,
JONATHAN STARKS,
MARK STEPHENS,
TERRY STEPP,
SARAH STEVENSON,
ERIC STEWART,
ROXANNE STITH,
TIM STOESSEL,
JEAN STOTLER,

SARA STRAMEL,
LARRY STRAYHORN,
FRANKLIN STURKEY,
BEN SULLENGER,
YOLANDA SULLIVAN,
JOHN SUTOR,
WANDA SUTPHIN,
SHARON SWINBURNE,
STELLA TANG,
ANDREW TAYLOR,
ANN TAYLOR,
DONNA TAYLOR,
JI JI THEKKEVEEDU,
CHRISTOPHER THOME,
MICHAEL THOME,
DAVID THOMPSON,
TOM THOMPSON,
ASHLI THURSTON,
CHRISTOPHER TOKAR,
DION TOMER,
CLIFFORD TRIMBLE,
SERGIO TROMBA,
ADELINE TROTTER,
JAMES TURNER,
JEFFREY TURNER,
OWENS TURNER, JR.,
MARILYN TWINE,
LONNIE URQUHART,
CHERI VALVERDE,
MIKE VAMMINO,
CARRIE VAN HOOK,
KATHERINE VANDENBRIEJE,
MILCA VARGAS,
MARY VAUGHAN,
ROBENA VAUGHAN,
JESSYCA VENICE,
KIMBERLY VEST,
CAROL VIERGUTZ,
MARYANN VILLIES,
PATRICE VOSSLER,
AMADA WAGONER,
STACY WALLER,
GARY WALTON,
GRETCHEN WARD,
KIMBERLY WARD,
SHELIA WARD,

DANIEL WAXMAN,
CHRISTOPHER WEAVER,
MARGARET WEBB,
LAURA WEISIGER,
STEPHANY WHIPPLE,
DAVID WHITLEY,
SARAH WHITLOCK,
DIANE WIEN,
ROBERT T. WIENER,
CHRISTOPHER WILCHER,
MINDY WILLIAMS,
VINCENT WILLIAMS,
HANNAH WILSON,
JUANITA WILSON,
RIED WILSON,
CHARLES WISER,
SHARON WISER,
MARK WOEHLER,
KENNETH WOMACK,
EMILY WONG,
GREGORY WOODS,
KATHERYN WOOSLEY,
JONATHAN WRIGHT,
CAROL WRIGHT,
CAROL WRIGHT,
MARY WRIGHT,
THOMAS WRIGHT,
TIMOTHY WRIGHT, JR.,
LESLIE YAMNICKY,
KENNETH YATES,
JAMIE YOUNG,
SANDRA YOUNG,
ROBERT YOUNIE, II,
ATEF ZAYD,

     Plaintiffs,

  v.

HYUNDAI MOTOR AMERICA, INC.,
ALEXANDRIA HYUNDA, LLC,
MILLER AUTO SALES, INC.,
CRAFT AUTOMOTIVE, INC.,
BROWN'S LEESBURG HYUNDAI, LLC,
BROWN'S MANASSAS HYUNDAI, LLC,
CHECKERED FLAG IMPORTS, INC.,
CHECKERED FLAG STORE #6, LLC,
DUNCAN IMPORTS, INC.,
FAIRFAX HYUNDAI, INC.,
FIRST TEAM, INC.,
GATEWAY HYUNDAI, INC.,
HALL AUTOMOTIVE GROUP, INC.,
HALL HYUNDAI NEWPORT NEWS, LLC.,
HALL HYUNDAI, LLC.,
HARRISONBURG AUTO MALL, LLC.,
PRICE HYUNDAI CORP.,
MALLOY HYUNDAI,
CAVALIER HYUNDAI, INC.,
POHANKA AUTO CENTER, INC.,
PRIORITY GREENBRIER AUTOMOTIVE, INC.,
PRIORITY IMPORTS NEWPORT NEWS, INC.,
TYSINGER MOTOR COMPANY, INC.,
WBM, INC. d/b/a WEST BROAD HYUNDAI,
JAMES CITY COUNTY ASSOCIATES, INC.,
ROBERT WOODALL CHEVROLET, INC.,
WRIGHT WAY AUTOMOTIVE, INC.,

                    Defendants.

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Hyundai Motor America ("HMA") hereby removes this action from the Circuit Court of the City of Roanoke to the U.S. District Court for the Western District of Virginia, and in support thereof, respectfully shows the Court as follows:

## I.    BACKGROUND

1.    On January 10, 2014, 583 plaintiffs brought an action regarding their purchases of "a 2011-2013 Hyundai Elantra." (Compl., ¶ 3). Plaintiffs "anticipate[] that several thousand more Virginia buyers will be making claims in this case." (*Id.*) They allege that "[t]he claim of each individual plaintiff involves common questions of law or fact and arise out of the same transaction, occurrence, or series of transactions or occurrences; the common questions of law or fact predominate and are significant to the actions;" and that the actions should proceed as one, under the Virginia Multiple Claimant Litigant Act, Va. Code § 8.01-267.1. (*Id.* ¶ 1).

2.    Plaintiffs brought this action against HMA and the dealer defendants, including: Alexandria Hyundai, LLC; Brown's Leesburg Hyundai, LLC; Brown's Manassas Hyundai, LLC; Cavalier Hyundai, Inc.; Checkered Flag Motor Car Company, Inc. named as Checkered Flag Imports, Inc.; Checkered Flag Store #6, LLC; Craft Automotive, Inc.; Duncan Imports, Inc.; Fairfax Hyundai, Inc.; First Team, Inc.; Gateway Hyundai, Inc.; Hall Hyundai Newport News, LLC; Hall Hyundai, LLC; Hall Automotive Group, Inc.; Harrisonburg Auto Mall, LLC; James City County Associates, Inc.; Malloy Woodbridge, LLC named as Malloy Hyundai; Miller Auto Sales, Inc.; Pohanka Auto Center, Inc.; Price Hyundai Corp.; Priority Greenbrier Automotive, Inc.; Priority Imports Newport News, Inc.; Robert Woodall Chevrolet, Inc.; Tysinger Motor Company, Inc.; WBM, Inc.; and Wright Way Automotive, Inc. Upon information and belief, no defendant has been served.

3.      Plaintiffs bring claims based on three statutes, the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code § 59.1-207.9 *et seq.*, the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*, and Va. Code § 18.2-216 *et seq.*  Their claims are based on allegations that HMA "never performed highway miles-per gallon testing on the stock production model of 2011-2013 Elantras," and that it "aggressively advertised that the vehicle would deliver 40 MPG on the highway without even testing whether it would or not."  (Compl., ¶ 6).  Plaintiffs further claim that HMA "willfully violated the Virginia Consumer Protection Act by conjuring and fabricating highway mileage 'results' and then daring the individual consumer to take legal action against it," (*id.*, ¶ 18), and that HMA "cannot conform its vehicle to the mileage warranty it made."  (*Id.*, ¶ 11).

4.      Plaintiffs seek "the full purchase price of [their] vehicle[s], including all collateral charges and incidental damages . . ., treble damages . . ., statutory damages . . ., plus reasonable attorney's fees in the amount of $350 per hour, or one third of any amount recovered, whichever is greater, plus expert witness fees, and court costs."  (*Id.*, ¶¶ 8, 17, 18, 20, Prayer for Relief).

5.      This is the third lawsuit in this District involving the same claims, allegations, and plaintiffs' counsel.  On August 14, 2013, a putative class action, captioned *Gentry et al. v. Hyundai Motor America*, Case No. 3:13-cv-00030, ("*Gentry*"), was filed in this District.  The amended complaint in *Gentry*, which was filed on October 14, 2013, is attached as Exhibit 1.  Every plaintiff in this action is a member of the putative class in *Gentry*.  (*See* Exh. 1, at ¶¶ 18, 20, 29, 34).  HMA noticed *Gentry* as a potential tag-along action to be transferred by the Judicial Panel on Multi-District Litigation to the Multi-District Litigation the Panel created on February 5, 2013, captioned *In re Hyundai and Kia Fuel Economy Litigation*, MDL No. 2424.  MDL No. 2424 involves cases in which:

> Plaintiffs contend that defendants marketed [Hyundai and Kia] vehicles as having certain EPA mileage estimates, but those estimates were either flawed in terms of (1) the calculation of the estimates as admitted by defendants . . . or (2) the adequacy of the disclosures in the advertising . . . .

(MDL No. 2424, Dkt. Entry 87, at 2).  The Panel is expected to consider the transfer of *Gentry* to MDL No. 2424 on February 6, 2014.[1]  By Order of this Court, *Gentry* is stayed pending the Panel's decision on the transfer of the action to MDL No. 2424.  The allegations in *Gentry* are the same as the allegations in this case; whole paragraphs from *Gentry* are copied almost verbatim here, (*compare* Compl., ¶¶ 5, 6, 12, 15, 16 *with* Exh. 1, ¶¶  5, 25, 26, 30, 31).  Plaintiffs' counsel is the same too.  Although *Gentry* and this action are brought by the same counsel and *Gentry* involves the same claims and substantially the same allegations, no dealers were named as defendants in *Gentry*.

6.     The second action in this District is *Abdurahman et al. v. Hyundai Motor America*, Case No. 3:14-cv-00002, ("*Abdurahman*"), which was also removed from the Circuit Court of the City of Roanoke.  The complaint in *Abdurahman* is attached as Exhibit 2.  More than 100 of the plaintiffs in *Abdurahman* are listed as plaintiffs in this action as well, and approximately 20 additional plaintiffs have names that are suspiciously similar to names from *Abdurahman*.  (*E.g.*, a plaintiff named "Monica Adair Argent" in *Abdurahman* may be the same as the plaintiff named "Monica Adair Sargent" here).  HMA has moved to stay *Abdurahman* and the Court is set to hear HMA's motion on April 9, 2014.  As in *Abdurahman*,  plaintiffs named 26 dealers as defendants in this case, although two dealers named in *Abdurahman* are omitted from this case.

---

[1]  The Panel was originally scheduled to consider the transfer of *Gentry* to MDL No. 2424 on January 30, 2014, but the hearing was "postponed due to inclement weather" and "rescheduled to February 6, 2014."  (MDL No. 2424, Dkt. Entry 130).

7.      This action, like *Gentry* and *Abdurahman*, is one of a number of similar cases filed in courts across the country involving plaintiffs who allege HMA failed to deliver on promises related to fuel economy.  There are no meaningful distinctions among this action, *Gentry*, and the other 53 cases now included in MDL No. 2424, and none that the MDL judge cannot dispense with in due course.  Therefore, HMA intends to seek the transfer of this action to MDL No. 2424, and will shortly provide the Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.  J.P.M.L. Rule 7.1(a).

8.      HMA is now removing this action to the U.S. District Court for the Western District of Virginia.  The Complaint filed in the Circuit Court of the City of Roanoke is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(11), and 1453(b), under diversity jurisdiction, 28 U.S.C. §§ 1332(a), and 1441(b), and under federal question jurisdiction 28 U.S.C. § 1331, and 1441(a).  HMA has satisfied all the procedural requirements of 28 U.S.C. § 1446 and hereby removes this action to the U.S. District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.  Per the directive of the Clerk of Court, HMA removes this matter to the Charlottesville Division where the related *Gentry* and *Abdurahman* matters are pending.

## II.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION UNDER THE MASS ACTION PROVISION OF CAFA

9.      Federal subject matter jurisdiction is proper under the Class Action Fairness Act ("CAFA").  CAFA fundamentally changed the legal standards governing removal jurisdiction for actions with multiple plaintiffs ("mass actions") and class actions.  Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that the state courts were not adequately protecting defendants against abuses in mass actions.  S. Rep. No. 109-14, at 43, 53-54 (2005).

Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43. As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d).

10.     ***Mass Action.***  Plaintiffs have styled this lawsuit, which is a repetition of *Gentry* and *Abdurahman*, as a "mass action" as defined by 28 U.S.C. § 1332(d)(11)(B)(i).  CAFA defines a "mass action" as a "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.*  There are 583 plaintiffs currently in this action.  (Compl., Preamble).  Plaintiffs have brought their complaint "pursuant to the Virginia Multiple Claimant Litigation Act, VA Code § 8.01-267.1 *et seq.*," and allege that "[t]he claim of each individual plaintiff involves common questions of law or fact and arise out of the same transaction, occurrence, or series of transactions or occurrences; the common questions of law or fact predominate and are significant to the actions."  (*Id.* ¶ 1).

11.     In a filing with the Panel, plaintiffs' counsel argued that the substantially identical *Abdurahman* action is removable to federal court pursuant to CAFA.  *In re Hyundai & Kia Fuel Economy Litig.*, MDL No. 2424, Dkt. No. 122 ¶ 9 (J.P.M.L. Dec. 24, 2013) ("By statute, [the *Abdurahman*] mass action may be removed to federal court for the Western District of Virginia").

12.     ***Number of Plaintiffs.***  CAFA provides for federal diversity jurisdiction if there are at least 100 persons making claims in this proceeding.  28 U.S.C. § 1332(d)(11)(B)(i).  Here, the caption and the first paragraph of the Complaint list 583 plaintiffs.

13.    ***Class Action.***  Under 28 U.S.C. § 1332(d)(11), "[f]or purposes of [28 U.S.C. § 1332] and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10)" of 28 U.S.C. § 1332(d).  Thus, any parts of CAFA that describe requirements for a class action are applicable to the present lawsuit.[2]

14.    ***Diversity of Citizenship.***  At the time this lawsuit was filed and as of the date of this notice, defendant HMA was and is a California corporation headquartered in California, with its principal place of business in Costa Mesa and Fountain Valley, California.  (Declaration of Lien Nguyen ("Nguyen Decl."), ¶ 3).  At the time of the filing of this action, it is believed that most or all of the named plaintiffs were residents and citizens of Virginia, as the Complaint states that "[t]he plaintiffs are individuals who purchased a 2011-2013 Hyundai Elantra in Virginia," and that "there are over 16,000 *Virginians* who purchased the 2011-2013 Hyundai." (Compl., ¶ 3 (emphasis added)).  Therefore, there are plaintiffs in this lawsuit who are "citizen[s] of a State different from any defendant," namely HMA, 28 U.S.C. § 1332(d)(2)(A), and the minimal diversity requirement of CAFA is met.

15.    ***At Least One Plaintiff Is Claiming More Than $75,000.***  CAFA provides for federal diversity jurisdiction over mass actions if at least one plaintiff's claims exceed $75,000. 28 U.S.C. § 1332(d)(11)(B)(i).  This requirement is easily met by the allegations in the Complaint.  HMA's records show that named plaintiffs Brooke Asher and Terry Barnes each purchased a 2013 Elantra Limited with the Technology package.  (Nguyen Decl., ¶¶ 7, 8).  The MSRP, including freight, for such vehicles was $24,260.00.  (*Id.*).  The dealer cost, sometimes referred to as the "dealer's invoice." for the 2013 Elantra Limited with Technology package is $23,152.  (*Id.*)  As recognized by reputable third-parties in the automotive industry, "dealer's

---

[2]    By virtue of the identity between this lawsuit and *Gentry*, including the fact that the putative class in *Gentry* encompasses every plaintiff here, this lawsuit is also a class action.

invoice" provides a useful guide for the likely lowest actual sales price for a new car.[3]  Given plaintiffs' request for "all collateral charges and incidental damages . . ., treble damages . . ., statutory damages . . ., plus reasonable attorney's fees in the amount of $350 per hour, or one third of any amount recovered, whichever is greater, plus expert witness fees, and court costs," (Compl., Prayer for Relief), and even assuming the Elantra purchases of plaintiffs Asher and Barnes were at "dealer's invoice," each of these plaintiffs is claiming more than the $75,000 jurisdictional requirement.  As a result, the $75,000 requirement is met in this lawsuit.

16.    ***Amount in Controversy***.  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, thereby satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).  The Complaint seeks relief that includes:

- "return of the motor vehicle[s] and refund to the consumer[s of] the full contact price"  (Compl. ¶¶ 8, Prayer for relief);

- damages (*id.* ¶¶ 20, Prayer for relief);

- "damages to an amount not exceeding three times the actual damages sustained" (treble damages) (*id.* ¶¶ 17, 18, Prayer for relief);

- statutory damages (*id.*);

- "incidental damages"  (*id.* ¶¶ 8, Prayer for relief);

- "attorney's fees" at $350 an hour (*id.* ¶¶ 8, Prayer for relief);

- "expert witness fees" (*id.*); and

---

[3]    *See, e.g.*, *Kelly Blue Book*, 10 Steps To Buying A New Car:  Step 5:  Know When The Price Is Right, http://www.kbb.com/car-advice/car-buying/step-5-know-when-the-price-is-right/?r=323416770526221440 (last visited Jan. 26, 2014) ("Probably the most helpful thing about obtaining the dealer's invoice price is to help determine the lowest level a dealer can go and still make a gross profit on the sale.  Dealer invoice is the dealer's cost for the vehicle only and doesn't include any of the dealer's costs for advertising, selling, preparing, displaying or financing the vehicle. . . . . [T]he average dealer mark-up over invoice cost on most high-volume vehicles is less than 10 percent.").

- "costs" (*id.*).

Aggregation of these potential remedies brings this matter within the purview of CAFA, as explained below.

17.    Under CAFA, the amount in controversy is determined by aggregating the claims of all individual plaintiffs in a mass action.  28 U.S.C. § 1332(d)(6).  Plaintiffs claim they each bought a 2011-2013 Hyundai Elantra.  These vehicles have Manufacturer's Suggested Retail Prices, including freight, ("MSRP") that range from $15,665.00 to $25,440.00.  (Nguyen Decl., ¶ 6).  The average of these MSRPs is $19,421.72.  (*Id.*)

18.    Thus, plaintiffs' demand for a refund of the contract price of these vehicles is estimated at $11,322,862.76, which represents the number of plaintiffs multiplied by the average MSRP of the 2011-2013 Hyundai Elantra, (583*19,421.72); well above the $5,000,000 aggregate amount in controversy requirement.  In fact, even if each of the 583 plaintiffs bought his or her vehicle at the initial base MSRP for the 2011 Elantra, which would mean that they each took the Elantra with the least number of options, the total amount in controversy would be at least $9,132,695.00, (583*15,665).

19.    Plaintiffs' claim for treble damages, (Compl., ¶¶ 17, 18, Prayer for relief), brings this aggregate amount in controversy to $33,968,588.28, based on the average MSRP for the 2011-2013 Elantra.

20.    Other elements of plaintiffs' claims for damages also demonstrate that the total aggregate amount in controversy in this lawsuit is greater than $5,000,000.  For example, plaintiffs' demand for statutory damages under the Virginia Consumer Protection Act is for at least $1,000 per plaintiff, which totals a minimum of $583,000.  When added to the amount in

controversy for plaintiffs' request for a refund, the aggregate amount in controversy exceeds $5,000,000.

21.     Finally, the amount in controversy from plaintiffs' other requests for relief, including "damages," incidental damages, attorney's fees, expert witness fees, and costs all ensure that the aggregate amount in controversy exceeds $5,000,000.  As a result, this Court has jurisdiction under CAFA.

22.     ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1453(d) do not apply.  Even though all plaintiffs in this lawsuit purport to be citizens of Virginia, there is no cognizable claim that "*all* of the claims in the action arise from an event or occurrence in" Virginia.  28 U.S.C. § 1332(d)(11)(B)(ii)(I).  The Complaint alleges that "the beginning of a false, deceptive warranty and advertising campaign for the Hyundai Elantra" took place at the 2010 Los Angeles Auto Show, in California.  (Compl., ¶ 5; *see also id.* ¶ 12 (discussing 2012 Los Angeles Auto Show)).  HMA's marketing efforts for the Hyundai Elantra were not limited to Virginia; they were nationwide.  (Nguyen Decl., ¶ 9).  Additionally, HMA is a California corporation, headquartered in Fountain Valley, California (after moving from Costa Mesa, California), which is where its marketing department and management are based, (*id.* ¶¶ 3, 4), so other events relating to plaintiffs' allegations concerning marketing took place in California.  Finally, plaintiffs' allegations refer to the fuel-economy testing of the Hyundai Elantra.  (Compl., ¶¶ 6, 16).  The fuel economy testing for the original Environmental Protection Agency fuel economy estimates for the 2011-2013 Hyundai Elantra vehicles took place in South Korea.  (Nguyen Decl., ¶ 10).  Accordingly, this Court has diversity jurisdiction over this lawsuit pursuant to CAFA.

III.    **REMOVAL IS ALSO PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION BASED ON DIVERSITY**

23.    This Court also has subject-matter jurisdiction over this action because this is a civil action between citizens of different states, in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.  28 U.S.C. § 1332(a).  Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

A.    **Parties And Diversity Of Citizenship**

24.     As explained above, *supra* ¶ 14, at the time of filing of this lawsuit HMA was and is a California corporation headquartered in California, with its principal place of business in Costa Mesa and Fountain Valley, California, (Nguyen Decl., ¶ 3), and it is believed that most or all of the named plaintiffs are residents and citizens of Virginia.  Although some of the plaintiffs may not be residents and citizens of Virginia, none are believed to be residents and citizens of California.

25.    The dealer defendants are Virginia corporations with their principal places business in Virginia.

B.    **The Dealer Defendants Are Fraudulently Joined**

26.    The dealer defendants' presence in the case does not defeat diversity jurisdiction because they were fraudulently joined.  Under the fraudulent joinder doctrine, "a district court can assume jurisdiction over a case even if, *inter alia*, there are nondiverse named defendants at the time the case is removed."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (footnote omitted).  "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants."  *Id.*

27.    Under the fraudulent joinder doctrine, a court should disregard the citizenship of a defendant where, as here, "there is *no possibility* that the plaintiff would be able to establish a

cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (emphasis in original). Non-diverse or forum defendants are fraudulently joined—and their presence in the lawsuit is thus ignored for purposes of determining the propriety of removal—where no viable cause of action has been stated against them. *Sheppard v. BAC Home Loans Servicing, LP*, 2012 WL 204288, at *3 (W.D. Va. Jan. 24, 2012) ("Fraudulent joinder provides an exception to the requirement of complete diversity."); *Logan v. Boddie-Noell Enters., Inc.*, 834 F. Supp. 2d 484, 487 (W.D. Va. 2011) (fraudulent joinder permits the court to disregarding citizenship of non-diverse defendants); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 817 (E.D. Va. 2005) ("Where a non-diverse defendant is named in the initial state court complaint as part of a tactical effort to defeat diversity jurisdiction, the fraudulent joinder doctrine permits district courts to assume jurisdiction over a case even if there are named defendants who lack diversity at the time the case is removed."). Here, plaintiffs' claims against the dealer defendants fail as a matter of law.

28.    There is no possibility, based on the allegations in the Complaint, that plaintiffs will be able to establish a cause of action against the dealer defendants based on their role as dealers that sold Hyundai vehicles. As such, plaintiffs' fraudulent joinder of the dealer defendants does not prevent removal. *See, e.g.*, *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against these defendants are made").

29.    The substantive factual allegations in the Complaint focus exclusively on HMA. This is consistent with the allegations in *Gentry*, where the same three claims are made with substantially the same allegations, but no dealers were named as defendants. Thus, at the time of the original or amended complaint in *Gentry*, plaintiffs' counsel, who is also counsel in *Gentry*,

evidently did not believe claims could be stated against the dealers.  Plaintiffs' counsel only brought this action and *Abdurahman* with dealers as defendants after HMA informed plaintiffs' counsel of its intent to request the Panel transfer *Gentry* to MDL No. 2424.  After HMA informed plaintiffs' counsel of its intent, but before HMA had sought transfer of *Gentry*, plaintiffs' counsel wrote HMA's counsel stating his intentions if HMA proceeded with the transfer:

> If you take me out [to the MDL in the Central District of California] I'm going to raise hell about how these "class action lawyers" don't know squat about lemon law cases and the mileage calculator deceiving every one.  I'm going to stir up a hornets bad out there.  I have no interest in doing that now because my clients are not threatened but if you want to go there that's what you're going to get when we get there.  If Hyundai tries to harm any one in the class we have alleged by ramming a settlement thru out there the same thing is going to happen.  As they say when I play ball: "you can't stop him, you can only try to contain him".  It's better to have me raising hell in one state instead of 50.  Just saying.

(Exhibit 5).  Following HMA's noticing *Gentry* to the Panel for transfer to MDL No. 2424 and this Court entering a stay in *Gentry*, plaintiffs' counsel filed *Abdurahman* and this action—both naming dealers as defendants without making substantive allegations regarding the conduct of the dealers.  Plaintiffs' counsel added the dealers with knowledge that actions removed only under the mass action provision of CAFA ordinarily cannot be transferred by the Panel to the MDL.  In a filing with the Panel, opposing the transfer of *Gentry*, plaintiffs' counsel wrote:

> By statute, this mass action may be removed to federal court for the Western District of Virginia; however, it cannot be transferred to the multi-district litigation pending in California.

*In re Hyundai & Kia Fuel Economy Litig.*, MDL No. 2424, Dkt. No. 122 ¶ 9 (J.P.M.L. Dec. 24, 2013).  Plaintiffs' counsel's statement to the MDL assumes the sole basis for federal subject-matter is the CAFA mass action provision.  Thus, by adding the dealers, despite the absence a basis for asserting claims against the dealers as set forth below, plaintiffs' counsel sought to

fraudulently join the dealers to deprive the Court of diversity jurisdiction and the Panel of authority to transfer it to MDL No. 2424.

30.     When making the fraudulent joinder determination, a court must only consider the allegations pleaded in the complaint as of the time of removal and should not speculate about facts or claims that the plaintiffs failed to plead. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) ("Although [defendant] bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that [plaintiff] might allege in the future: only his present allegations count.").

31.     The Complaint alleges plaintiffs purchased Hyundai vehicles and describes *only* HMA's involvement in marketing and sales of these vehicles. **There are no substantive allegations against any dealer.** For example, the Complaint describes statements allegedly made by "John Krafcik, the President and Chief Executive Officer of" HMA at the Los Angeles Auto Show in 2010 and claims that "[t]his was the beginning of a false, deceptive warranty and advertising campaign for the Hyundai Elantra which continues in operation to this day." (Compl., ¶ 5). The Complaint claims that "[HMA] represented to the plaintiffs/buyers of the Elantra that the on-board mileage calculator would deliver an 'accurate' calculation of the miles-per gallon the vehicle obtains." (*Id.* ¶ 6). It continues by alleging that "[HMA] never performed highway miles-per-gallon testing on the stock production model of the 2011-2013 Elantras, but aggressively advertised that the vehicle would deliver 40 MPG on the highway without even testing whether it would or not." (*Id.*). The Complaint does not tie any dealer defendant to any plaintiff, nor to any specific conduct plaintiffs allege. Besides sprinkling the term "defendant dealerships" in various paragraphs of the Complaint, plaintiffs provide absolutely no substantive factual allegations to state a claim against the dealer defendants. *Lyons v. Am. Tobacco Co., Inc.*,

1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) ("[P]laintiffs were unable at the time they formulated their complaint to set forth any specific factual allegations against the distributor defendants upon which could be based any claim of fraud or breach of warranty, there can be no better admission of fraudulent joinder of these defendants.").

                1.    <u>Count I Fails To Provide A Basis For Joining The Dealer Defendants</u>

32.    The dealer defendants are not named as defendants in Count I.  (Compl., ¶ 4).

                2.    <u>Count II Fails To Provide A Basis For Joining The Dealer Defendnats</u>

33.    Count II fails to state a cognizable claim against the dealer defendants, who are only listed in perfunctory manner.  Count II sounds in fraud, because it accuses HMA and the dealer defendants of using "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction," (Compl., ¶ 15).  Such allegations must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b).  *Ali v. Allergan USA, Inc.*, 2012 WL 3692396, at *18 (E.D. Va. Aug. 23, 2012) (claim sounding in fraud, and therefore subject to Rule 9(b), fails because complaint did not allege the time, place, and contents of the allegedly false representations).  The Complaint, however, does not generally, let alone "with particularity," make *any* factual allegations pertaining to the dealer defendants.  Paragraph 5 refers to a DVD purportedly attached to the Complaint that is alleged to contain advertisements from HMA, but the Complaint is devoid of any reference to advertisements by any specific dealer—on the DVD or otherwise.[4]  In such circumstances, courts find fraudulent joinder.  *E.g. Jacobson v. Ford Motor Co.*, 1999 WL 966432, at *4-6 (N.D. Ill. Sept. 30, 1999) (fraudulent joinder when plaintiff fails to particularize allegations of consumer fraud against non-diverse dealership defendant);

---

[4]   HMA did not receive a copy of the DVD with the copy of the file it obtained from the City of Roanoke Circuit Court (and there was no indication was a DVD was filed), so the copy of the state court file provided as Exhibit 3 does not contain a copy of the DVD.

*Sonnenblick-Goldman Co. v. ITT Corp.*, 912 F. Supp. 85, 90 (S.D.N.Y. 1996) (fraudulent joinder when complaint does not meet requirements of Rule 9(b)); *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (failure to satisfy Rule 9(b) pleading requirements and to specify a factual basis for recovery against non-diverse defendant "constitutes a failure to state a claim and fraudulent joinder of that party").

34.     Plaintiffs also fail to sufficiently plead Count II against the dealer defendants under the pleading requirements of the Federal Rules.  While in the fraudulent joinder inquiry, the standard is "more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)," *Baltimore Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 920 (4th Cir. 2007), if the Complaint is as devoid of factual allegations as it is here, even under the more forgiving standard, fraudulent joinder will be found.  Legal conclusions and threadbare recitals of elements, supported by mere conclusions, simply do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a Count is asserted in general terms against non-diverse defendants, courts find fraudulent joinder.  *E.g. Powell v. Bank of Am., N.A.*, 842 F. Supp. 2d 966, 976 (S.D. W. Va. 2012) (fraudulent joinder as to claim of unconscionable contract).  Plaintiffs fail to allege the dealer defendants made any false representations or that plaintiffs relied on any of the dealer defendants' representations—the only representations specified in the Complaint are alleged to be from HMA, (*see* Compl., ¶¶ 16(C)-(D)), while actions attributed to the dealer defendants are couched only in vague terms and plaintiffs do not make any allegations about advertisements from the dealer defendants that may be on the DVD.  (*See id.* ¶¶ 5, 16(A)-(B)).  Plaintiffs allege only HMA's involvement in "programm[ing] and install[ing] the on-board mileage calculator to show that the vehicle is getting higher mileage than actually obtained," and do not relate the dealer defendants to this alleged scheme.  (Compl., ¶ 17; *see also id.* ¶ 18 (only claiming that

HMA "willfully violated the Virginia Consumer Protection Act")).  The dealer defendants are fraudulently joined as to Count II because plaintiffs have not stated any claim against them.

### 3.    Count III Fails To Provide A Basis For Joining The Dealer Defendants

35.    Count III fails to state a cognizable claim against the dealer defendants, who are only perfunctorily listed once in the Count.  (Compl., ¶ 20).  Plaintiffs do not identify the allegedly offending statements in defendants' advertisements, tie them to any dealer defendant, or point to any plaintiff who saw and relied upon the advertisements (the advertisements are not even described).  To the extent any alleged advertisements from the dealer defendants are included on the DVD purportedly attached to the Complaint, none are referenced in the Complaint itself.  Without these elements, plaintiffs fail to state any allegations showing that they suffered an actual injury attributable to the dealer defendants' conduct as required by Va. Code § 18.2-216, which "subjects the defendant to an action for damages . . . by any person who suffers loss as the result of a statutory violation."  *Persaud Cos., Inc. v. IBCS Grp., Inc.*, 425 F. App'x 223, 227 (4th Cir. 2011) (quotations omitted).  To satisfy the requirements, each plaintiff must show he or she would not have purchased the item in question if not for advertisements disseminated by the dealer defendants.  *See Klaiber v. Freemason Assocs., Inc.*, 587 S.E.2d 555, 559 (Va. 2003).  Plaintiffs also need to identify the statements they claim are false and tie them to dealer defendants.  Count III fails to make any allegations in this respect and as a result the dealer defendants are fraudulently joined for this Count as well.

36.    Moreover, plaintiffs' other theories of the case, which appear to allege that the "on-board mileage calculator does not accurately calculate or display the actual miles-per-gallon obtains" and that HMA "never performed highway miles-per gallon testing on the stock production models of 2011-2013 Elantras," have nothing to do with the dealer defendants who cannot possibly be involved in manufacturing or designing on-board instruments or testing

"stock production models." (Compl. ¶ 6). Plaintiffs' allegations against the dealer defendants are therefore *im*plausible, further highlighting the reasons why the dealer defendants have been fraudulently joined in this action.

37.    Because plaintiffs have shown "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against" the dealer defendants, *Linnin*, 372 F. Supp. 2d at 819, the dealer defendants are fraudulently joined and the presence of their name on the caption should be disregarded for diversity purposes.

### C.    The Dealer Defendants Are Nominal Defendants Who Should Not Be Considered For Purposes Of Determining Diversity

38.    Separately and alternatively, naming the dealer defendants as defendants in the Complaint does not defeat diversity because the dealer defendants are nominal defendants. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "[N]on-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants. *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978). A defendant is considered nominal if "a court would be able to enter a final judgment favoring the plaintiff in the absence of the purportedly nominal defendant without materially affecting the relief due to the plaintiff." *Trigo v. Travelers Commercial Ins. Co.*, 2010 WL 3521759, at *4 (W.D. Va. Sept. 7, 2010). The dealer defendants are nominal parties because plaintiffs may seek a full and complete recovery, if any, from HMA in the same way that their counsel has done in *Gentry*, where HMA is the only defendant and plaintiffs made the same claims as here on behalf of a putative class that includes every plaintiff in this action. Also, no facts are alleged to claim the dealer defendants' involvement in this controversy or reasons why plaintiffs need to seek relief from them as opposed to seeking relief

from HMA, which they claim has "$84 billion in annual revenue." (Compl. ¶ 18). Because the dealer defendants are nominal parties and not indispensible under Rule 19, their citizenship should be ignored for purposes of diversity.

39.    ***Amount in Controversy.*** As stated above, *supra* ¶ 15, there are plaintiffs in this lawsuit who are alleging an amount in controversy in excess of the $75,000 requirement for federal diversity jurisdiction, that is required by 28 U.S.C. § 1332(a). To the extent there are any plaintiffs whose claims are below this requisite amount, the Court has supplemental jurisdiction over their claims pursuant to 28 U.S.C. § 1367(a). Where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). The amount in controversy requirement is met.

40.    As complete diversity and the requirement of an amount in controversy exceeding $75,000 are satisfied, federal jurisdiction under 28 U.S.C. § 1332(a) is proper.

## IV.    REMOVAL IS ALSO PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION BASED ON A FEDERAL QUESTION AS TO THIS COURT'S POWER TO CONTROL ITS PROCEEDINGS

41.    This Court also has subject-matter jurisdiction over this action because this action raises a federal question. 28 U.S.C. § 1331. Therefore, this action is removable pursuant to 28 U.S.C. § 1441(a).

42.    As explained above, *supra* ¶¶ 5-7, this action is substantially identical to *Gentry* and to *Abdurahman*. Both this action and *Abdurahman* were filed in order to evade the stay this Court ordered in *Gentry* and to avoid the procedures and orders the MDL Court ordered in MDL No. 2424. More than 100 of the plaintiffs here are also plaintiffs in *Abdurahman*. Because these

plaintiffs filed *Abdurahman* and now this action with the goal of circumventing the orders of this Court and the MDL Court, there is a federal question as to the Court's power to control its proceedings and enforce its orders, including the stay order in *Gentry*, and the MDL Court's power to enforce its discovery orders.  *In re Aircraft Disaster at Juneau, Alaska*, 64 F.R.D. 410, 414-15 (N.D. Cal. 1974) (denying motion to remand and finding federal question jurisdiction premised on state court proceedings involving the same plaintiffs and counsel in which those plaintiffs and counsel were pursuing discovery inconsistent with the MDL's discovery process); Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 3731 (4th ed. 2009) (discussing *Aircraft Disaster at Juneau* having "accepted the argument that plaintiffs' motions gave rise to federal questions as to the federal court's power to control its proceedings under the multi-district litigation legislation and hence to a new basis for federal subject-matter jurisdiction").  If the Court does not exercise jurisdiction over this action, the Court will be unable to enforce its orders and there will remain an open federal question as to the Court's power to control the proceedings in front of it and an MDL Court's power under 28 U.S.C. § 1407.

## V.  THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

43.  *Timeliness.*  This removal notice is timely filed, as required by 28 U.S.C. § 1446(b).  As of the date of this Notice, HMA has not yet been served with the Complaint.

44.  HMA has complied with 28 U.S.C. §§ 1446(a) & (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, or orders on file in the state court are attached as Exhibit 3.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, has been filed with the clerk of the Circuit Court of the City of Roanoke, Case No. CL14-68, and HMA has served a notice of filing of removal, with a copy of the notice of removal attached, on plaintiffs' counsel.  Copies of the notice and the proof of

-19-

service of the notice to plaintiffs and the Circuit Court of the City of Roanoke are attached as Exhibit 4. (Exhibit A to Exhibit 4, which is a copy of this notice, is not attached for the Court's convenience but will be provided by HMA upon request.)

## **CONCLUSION**

By this notice, HMA does not waive any objections it may have as to improper service, jurisdiction or venue, or any other defense or objections to this lawsuit. HMA intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. HMA prays that this action be removed to this Court; that all further proceedings in the state court be stayed; and that HMA obtain all additional relief to which it is entitled.

Dated: February 3, 2014            Respectfully submitted,

/s/ James F. Neale
James F. Neale, Esq.
State Bar Number 43060
Attorney for Defendant Hyundai Motor America
McGuireWoods LLP
310 Fourth Street N.E.
Suite 300
Charlottesville, Virginia 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
jneale@mcguirewoods.com

Shon Morgan
(To Apply *Pro Hac Vice*)
Joseph R. Ashby
(To Apply *Pro Hac Vice*)
Attorneys for Defendant Hyundai Motor America
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

shonmorgan@quinnemanuel.com
josephashby@quinnemanuel.com

Karin Kramer
(To Apply *Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
karinkramer@quinnemanuel.com

*Attorneys for Defendant Hyundai Motor America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 3, 2014, I electronically filed a notice of removal, Exhibits 1-5 and Declaration of Lien Nguyen with the Clerk of the Court using the CM/EF system and sent by electronic means the "Notice of Electronic Filing" associated with the filing to the following counsel:

James F. Neale, Esq.
State Bar Number 43060
McGuireWoods LLP
310 Fourth Street N.E.
Suite 300
Charlottesville, Virginia 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
jneale@mcguirewoods.com
Attorney for Defendant Hyundai Motor America

Shon Morgan
(To Apply *Pro Hac Vice*)
Joseph R. Ashby
(To Apply *Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
shonmorgan@quinnemanuel.com
josephashby@quinnemanuel.com
Attorney for Defendant Hyundai Motor America

Karin Kramer
(To Apply *Pro Hac Vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
karinkramer@quinnemanuel.com
Attorney for Defendant Hyundai Motor America

-1-

I further certify that on February 3, 2014, the notice of removal, Exhibits 1-5, Declaration of Lien Nguyen, and this Certificate of Service were served by First Class Mail on the following parties:

James B. Feinman
Attorney for Plaintiffs
James B. Feinman & Associates
P.O. Box. 697
1003 Church Street, 2nd Floor
Lynchburg, Virginia 24505
Telephone: (434) 846-7603
Facsimile: (434) 846-0158
jb@jfeinman.com
Attorney for Plaintiffs

Gary Lonergan
115 Oronoco Street
Alexandria, VA 22314
Registered Agent for Defendant Alexandria Hyundai, LLC

Richard V.W. Adams, III
1925 Isaac Newton Square #250
Reston, VA 20190
Registered Agent for Defendant Browns Leesburg Hyundai, LLC

Richard V.W. Adams, III
1925 Isaac Newton Square #250
Reston, VA 20190
Registered Agent for Defendant Brown's Manassas Hyundai, LLC

Donna Wooten
9530 Midlothian Turnpike
Richmond, VA 23235
Registered Agent for Defendant Cavalier Hyundai, Inc.

Morris H. Fine
2101 Parks Avenue, Suite 601
The Pavilion Center
Virginia Beach, VA 23451
Registered Agent for Defendant Checkered Flag Imports, Inc.

Morris H. Fine
2101 Parks Avenue, Suite 601
The Pavilion Center
Virginia Beach, VA 23451
Registered Agent for Defendant Checkered Flag Store, #6, LLC

Billy P. Craft
3914 Old Forest Road
Lynchburg, VA 24501
Registered Agent for Defendant Craft Automotive, Inc.

Dennis A. Barbour
4415 Electric Road
Roanoke, VA 24018
Registered Agent for Defendant Duncan Imports, Inc.

Gary W. Lonergan
11 5 Oronoco Street
Alexandria, VA 22314
Registered Agent for Defendant Fairfax Hyundai, Inc.

Brian Purcell
Wilcox & Savage, PC
222 Central Park Avenue, Suite 1500
Virginia Beach, VA 23462
Registered Agent for Defendant First Team, Inc.

Carolyn Kyger
100 Myers Drive
Charlottesville, VA 22906
Registered Agent for Gateway Hyundai, Inc.

Kishon Ansley Clayborne
3203 Dogwood Drive
Portsmouth, VA 23703
Registered Agent for Defendant Hall Automotive Group, Inc.

Corporation Service Co.
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219
Registered Agent for Defendant Hall Hyundai Newport News, LLC

Corporation Service Co.
Bank of America Center, 16th Floor
1111 E. Main Street

Richmond, VA 23219
Registered Agent for Defendant Hall Hyundai, LLC

Mark B. Callahan
92 N. Liberty Street
Harrisonburg, VA 22802
Registered Agent for Defendant Harrisonburg Auto Mall, LLC.

John E. Dodson
7101 Richmond Road
Williamsburg, VA 23188
Registered Agent for Defendant James City County Associates, Inc.

G. Donald Markle, Esq.
4010 University Drive, Suite 200
Fairfax, VA 22030
Registered Agent for Defendant Malloy Hyundai

John W. Truban
103 N. Braddock Street
Winchester, VA 22601
Registered Agent for Defendant Miller Auto Sales, Inc.

Robert McKew
13909 Lee Jackson Memorial Highway
Chantilly, VA 20151
Registered Agent for Defendant Pohanka Auto Center, Inc.

J. Page Williams
Feil Pettit et al
530 Eat Main Street
Charlottesville, VA 22902
Registered Agent for Defendant Price Hyundai Corp.

Stacy Cummings, Jr.
1495 S. Military Highway
Chesapeake, VA 23320
Registered Agent for Defendant Priority Greenbrier Automotive, Inc.

Stacy Cummings, Jr.
1495 S. Military Highway
Chesapeake, VA 23320
Registered Agent for Defendant Priority Imports Newport News, Inc.

Bryan Grimes Williams Creasy
Johnson Ayers et al.

-4-

1st Campbell Square, Suite 300
210 1st Street, SW
Roanoke, VA 24009
Registered Agent for Defendant Robert Woodall Chevrolet, Inc.

Gregory S. Larsen
109A Wimbledon Square
Chesapeake, VA 23320
Registered Agent for Defendant Tysinger Motor Company, Inc.

Glenn R. Moore
5600 Grove Avenue
Richmond, VA 23226
Registered Agent for Defendant WMB, Inc.

James M. Bowling, IV
416 Park Street
Charlottesville, VA 22902
Registered Agent for Defendant Wright Way Automotive, Inc.

/s/ James F. Neale
James F. Neale, Esquire
State Bar Number 43060
Attorney for Defendant Hyundai Motor
America
McGuireWoods LLP
310 Fourth Street N.E.
Suite 300
Charlottesville, Virginia 22902
Telephone: (434) 977-2582
Facsimile: (434) 980-2263
jneale@mcguirewoods.com