# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM GENTRY, | ) | |
| | ) | |
| LINDA RUTH SCOTT, | ) | |
| | ) | |
| DANIELLE KAY GILLELAND, | ) | |
| | ) | |
| JOSEPH BOWE, | ) | |
| | ) | |
| MICHAEL DESOUTO, | ) | |
| | ) | |
| INDIVIDUALLY AND ON BEHALF OF | ) | |
| ALL OTHER VIRGINIA OWNERS | ) | |
| SIMILARILY SITUATED | ) | |
| | ) | |
| **Plaintiffs** | ) | **AMENDED** |
| | ) | **CLASS ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| HYUNDAI MOTOR AMERICA, INC. | ) | **Case No: 3:13CV00030** |
| | ) | |
| Please Serve: | ) | |
| Registered Agent: | ) | |
| National Registered Agents, Inc. | ) | |
| 4701 Cox Road, Suite 301 | ) | |
| Glen Allen, VA 23060 | ) | |
| | ) | |
| **Defendant**. | ) | |

Now before this Honorable Court, comes John William Gentry, Linda Ruth Scott, Danielle Kay Gilleland, Joseph Bowe, and Michael DeSouto through undersigned counsel, and on behalf of themselves individually and on behalf of all others similarly situated (i.e. the members of the Plaintiff Class described and defined within the Complaint), herein alleges as follows:

## I

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over the Defendant because the Defendant has transacted and continues to transact business in the Commonwealth of Virginia;

because the Defendant has contracted to supply services or things in this Commonwealth; and because the Defendant has committed the acts and omissions complained of herein in the Commonwealth of Virginia. Based on information gathered from the Commonwealth of Virginia State Corporation Commission website, Defendant Hyundai Motor America, Inc. is a corporation which is incorporated in the state of California, with a principal place of business in the city of Costa Mesa, California.

2.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332 (d) as this is a class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs and members of the class of plaintiffs are citizens of a State different from the Defendant.

3.      This Court has venue of this matter pursuant to 20 U.S.C. 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims occurred in Nelson County, Danville, Christiansburg, Staunton, and Roanoke, Virginia and a substantial part of the property that is the subject of the action is located in Nelson County, Danville, Christiansburg, Staunton, and Roanoke, Virginia.


## II

## GENERAL ALLEGATIONS


4.      This is a civil action asserting claims under (1) the Virginia Motor Vehicle Warranty Enforcement Act, VA Code §59.1-207.9 et seq., (2) the Virginia Consumer Protection Act of 1977, and (3) VA. Code §18.2-216 prohibiting untrue, deceptive, or misleading advertisement, inducements, writings, or documents. The claims are brought against Defendant Hyundai Motor America, Inc. (hereinafter "Defendant" or "Hyundai") for its inability to conform its 2011-2013 Elantra Model to the applicable

warranty as required by the Virginia Motor Vehicle Warranty Enforcement Act; for willful misrepresentations, deceptions, and false pretenses in connection with consumer transactions in violation of the Virginia Consumer Protection Act of 1977; and in violation of VA. Code §18.2-216 prohibiting untrue, deceptive, and misleading advertisements.

5.      At the Los Angeles Auto Show in November, 2010 John Krafcik, the President and Chief Executive Officer of Hyundai Motor America, the person responsible for the strategic direction and management of the company's operations in the United States, introduced the "All New 40 MPG Hyundai Elantra." *See*, video #1 of John Krafcik on DVD attached hereto as Exhibit 1-A.  This was the beginning of a false, deceptive warranty and advertising campaign for the Hyundai Elantra which continues in operation to this day.  In this campaign Hyundai has declared "*100% of Elantra's we build will get 40 MPG on the highway.*" *See,* Video #2 and Video #3 (Super Bowl Ad) on DVD attached hereto as Exhibit 1-A. Hyundai and its dealerships throughout Virginia engaged in an advertising campaign declaring the Elantra obtains 40 MPG on the highway. *See*, Elantra Warranty book, on the attached DVD Exhibit 1-A, which states the Elantra "delivers" "40 MPG highway." *See also*, advertisements on the DVD attached hereto as Exhibit 1-A.  The affirmations of fact made by Hyundai,and its dealers acting on their behalf, constitute warranties under Virginia law.  As a result of these false affirmations of fact regarding mileage, on information and belief, over 16,000 Virginians purchased the 2011-2013 Hyundai Elantra all over the Commonwealth.  It is for the named class representatives and these consumers that this class action lawsuit is filed.  The class representatives, and the facts surrounding the purchase of their Hyundai Elantra, are as follows:

III

# FACTUAL ALLEGATIONS

6.     Plaintiff John William Gentry is a resident of Afton in Nelson County, Virginia. (Hereinafter "Gentry" or "Plaintiff").  Gentry is 46-years-old and is a 1990 graduate of the University of Virginia with a degree in Computer Science and a 1993 graduate of the University of Virginia with a Master's Degree in Management Information Systems. Gentry has been married for 15 years.  He is employed by Alere and its predecessors for the past 15 years where he serves as an information technology engineer.

7.     Plaintiff Gentry lives close to Interstate Highway 64 in Afton, Virginia. His place of employment is in Charlottesville, Virginia and is close to Interstate 64 and the Route 250 Bypass.  Gentry travels 26 miles each way to work and back, almost all of which is highway driving.  In the early part of 2013 Gentry conducted research to find a personal vehicle that delivered high miles-per-gallon for his highway driving.  Gentry and his wife already owned one Hyundai vehicle so he researched Hyundai vehicles which purportedly obtained high highway mileage. Gentry had previously seen advertisements touting the "40 MPG" Hyundai Elantra vehicles and found numerous advertisements asserting that the 2013 Hyundai Elantra obtained highway mileage of "38 MPG". Gentry recalled the numerous advertisements that the 2011-2012 Hyundai Elantra obtained "40 MPG" on the highway.  A representative sample of the Hyundai Elantra advertisements, all believed to have been disseminated in Virginia, is found in the DVD-R attached hereto as Exhibit One. None of these advertisements comply with, nor are they sanctioned by, the Federal laws and regulations regarding the form and content of mileage disclosures. Additionally, the warranty book given to Gentry by Hyundai specifically states his vehicle will obtain "*up to 40 MPG*".  As a factual description of the

goods, these advertisements constitute part of the basis of the bargain and is therefore an express warranty. *See*, *Daughtrey v. Ashe*, 243 VA. 73, 413 S.E.2d 336, (1992). *Martin v. American Medical Systems, Inc.*, 116 F.3d 102 (4th Cir. 1997).

8.     Based on the Hyundai advertisements and many same or similar affirmations of facts made by salesmen of the Hyundai-authorized agents and dealership regarding the highway mileage, on February 18, 2013, Gentry purchased a 2013 Elantra Coupe, Vehicle Identification Number KMHDH6AE9DUQ05103 from a Hyundai-authorized agent and dealership in Staunton, Virginia known as "Wright Way Hyundai". The total delivered price was $18,970.09. The vehicle had 41 miles on it when purchased.

9.     Upon receiving the vehicle, Gentry began logging and calculating the miles per gallon he obtained on his highway drive to and from work. After driving the vehicle for 1,156 miles, Gentry determined he was only getting around 30 miles per gallon on the highway and not the 38 MPG advertised.  On its best day, the vehicle reached 33 MPG on the highway on rare occasions.  This performance in the "low 30's" was materially different than the "38 and 40 MPG" advertised.  Gentry returned the vehicle to the Hyundai-authorized dealership for evaluation, which drove the vehicle for one mile, and told Gentry he needed to drive it more as the vehicle was still in the "break-in period". The Hyundai-authorized dealership confirmed to Gentry he should get 38 MPG on the highway after the "break-in period".

10.     After driving the vehicle an additional 1,132 miles, Gentry returned the vehicle to the Hyundai-authorized dealership on April 23, 2013. Gentry reported his vehicle was "still only getting 30-33 MPG" on the highway.  At no time did any Hyundai-authorized dealership employee tell Gentry he should not expect 38 MPG on the highway.  To the contrary, every employee at the Hyundai-authorized dealership who spoke or wrote to Gentry confirmed that the vehicle should get 38 MPG on the highway.  The staff and owner of the Hyundai-authorized dealership, Mark Wright, drove the vehicle 196 miles

on the highway and measured the actual mileage at 32.47 miles-per-gallon. The owner of the Hyundai-authorized dealership observed at this time that the onboard trip computer was calculating a higher miles-per-gallon figure than the actual miles driven divided by the actual gallons burned.  The Hyundai-authorized dealership conducted more extensive testing including testing of the gasoline and could not locate any mechanical problem to explain the low highway mileage.  The Hyundai-authorized dealership contacted Hyundai and reported the problem and the lack of an explanation.  Hyundai responded by stating it would send a Division Service and Parts Manager and a Field Service Engineer to inspect and test Gentry's vehicle.  At no time did the Hyundai dealership owner or staff state that getting 30-33 MPG on the highway was acceptable.

11.     On June 18, 2013 Hyundai employees Maureen Dowd and Arthur Anderson came to the Hyundai-authorized dealership in Staunton, Virginia to inspect and test Gentry's vehicle for his stated complaint that the "vehicle does not get the MPG that it should. Only gets 30-33 MPG."  At no time did the Hyundai employees state that the complaint of "only gets 30-33 MPG" was not a breach of the warranties applicable to the vehicle. To the contrary, all mechanical evaluation and work for the stated complaint of low mileage was performed under and paid by the warranty at Hyundai's expense. Dowd and Anderson purportedly made two test-drives to calculate the highway miles-per-gallon. Dowd and Anderson alleged that the first test drive yielded a highway miles-per-gallon of "62.1890547 MPG", while at the same time the on-board trip computer "averaged 37-40 MPG".  The second test drive purported to yield a highway miles-per-gallon of "42.904290429" MPG while the on-board "trip computer ranged from 38-44 MPG".

12.     On the same day that Hyundai employees Dowd and Anderson allegedly obtained "62.1890547" and "42.904290429" miles-per-gallon on the highway, Mark

Wright, the owner of the Hyundai-authorized dealership "Wright Way Hyundai", and an agent of Hyundai, telephoned Plaintiff Gentry to inform him of the "findings" of the Hyundai employees. In a tape-recorded conversation Mr. Wright informed Gentry of the highway mileage purportedly obtained by Dowd and Anderson, and then stated *"If we got that kind of mileage nobody would be complaining"*. In regard to the two purported highway mileage calculations allegedly reached by Hyundai employees Dowd and Anderson Mr. Wright stated: "*Yea, I don't get any of that...I don't know how they got 62...I don't buy it.*" Mr. Wright told Gentry that he questioned Dowd and Anderson about the discrepancy between the highway mileage they allegedly obtained and the highway mileage calculated by Gentry and Mr. Wright "*Their response is that 'if you don't like the results then you can follow through with consumer affairs or Lemon Law.' And that sucks. I am just baffled."* Mr. Wright told Gentry "*Their response is "our job was to identify so we can get the kind of gas mileage that we estimate on our things and we did. That's it. Open and shut. If you don't like it, tough. Car gets what it is supposed to get.""* Mr. Wright informed Dowd and Anderson that both he and Gentry obtained much less mileage than Dowd and Anderson claimed they obtained.  Mr. Wright told Gentry that Dowd and Anderson's response was "*They claim it's my driving and your driving.*" Mr. Wright's reaction to this was "*You know, I have never felt more stupid in my life about a car than I do with this whole situation. I'm a pretty intelligent guy and I've never been made to feel any more stupid. It's not a complicated thing.*" Mr. Wright offered to replace Gentry's Elantra with another Elantra, but admitted it would not do any good, because he tested the other Elantra's he had and they also did not obtain the highway mileage claimed by Hyundai.

13.   Plaintiff Gentry, faced with a car manufacturer which claimed his vehicle obtained "62.1890547" miles-per-gallon on the highway when his own tests and the tests performed by the owner of the Hyundai-authorized dealership showed the actual

mileage was half that, undertook a search for legal representation. In doing so, Gentry learned for the first time of the details of a California class-action case and that Defendant Hyundai had admitted in November 2012 that it had submitted false and incorrect mileage calculations to the Environmental Protection Agency for the 2011-2013 Elantra, and for several other vehicles as well. Gentry learned there are pending class action suits against Hyundai for false advertising regarding mileage and for false submission of mileage data to the EPA. Gentry contacted the legal representatives of the class to inquire about participation and being included in these, only to learn the class actions filed do not include Elantra's sold in 2013, and that none of the class actions seek to afford consumers the remedies found in the Virginia Lemon Law, the Virginia Consumer Protection Act, or the Virginia statute prohibiting untrue, deceptive, or misleading advertisement, inducements, writings, or documents, all of which generally allow Virginia consumers superior remedies compared to similar state and federal consumer protection statutes.

14. Linda Ruth Scott is a 65-year-old grandmother and great-grandmother. She is a native of Christiansburg and a 45-year resident of Roanoke. She is retired from a career as an executive housekeeper for Carilion Health System and other health care facilities in the Roanoke Valley. In July of 2012 she went to a car show/sale at the Salem Civic Center to look specifically for a vehicle that obtained good gas mileage. She met a salesperson for First Team Hyundai in Roanoke, Virginia, a Mr. Morris, and told him she was looking for a vehicle that got good gas mileage. Mr. Morris showed her a used 2011 Hyundai Elantra. Defendant Hyundai warranted that the vehicle would obtain 40 miles to the gallon. She purchased a 2011 Hyundai with 33,125 miles on the odometer. The vehicle was a "Hyundai Certified Pre-Owned" vehicle with a warranty from Hyundai Motor America. The vehicle had a total delivered price of $18,670.33. Ms. Scott took possession of the vehicle and thereafter noticed she was not achieving the

miles-per-gallon she was told the vehicle would achieve.  She returned to First Team Hyundai and reported this, to which the First Team Hyundai staff merely "shrugged it off".  Ms. Scott's vehicle obtains 34.72 miles-per-gallon on the highway. At the same time her vehicle gets 34.72 miles per gallon, the on-board mileage calculator purports to show a higher mileage much closer to the warranted 40 miles-per-gallon. The on-board calculator is warranted to be "accurate" by Hyundai but falsely shows the vehicle is obtaining the warranted 40 miles-per-gallon. In this way Hyundai concealed its breach of warranty and deceived Ms. Scott and others like her.

15.     Danielle Kay Gilleland is a citizen of Virginia residing in Blacksburg, Virginia. She is employed by Wal-Mart as a customer service representative. She is 29-years-old with a 12th grade education.  On April 20, 2011, with the financial assistance of her uncle, Robert Gilleland, she purchased a new 2011 Hyundai Elantra, serial number 5NPDH4AE4BH054287 with a purchase price of $19,358.29.  Ms. Gilleland previously owned a 2005 Dodge Durango which obtained very poor gas mileage and she sought to purchase the Elantra to save money on gas.  Defendant Hyundai warranted that the vehicle she purchased would achieve 40 miles-per-gallon on the highway.  The vehicle achieves 34.17 miles-per-gallon on the highway.  Hyundai warranted that the on-board mileage calculator was accurate but it consistently overstates the actual mileage obtained by 3 miles or more. In this way Hyundai concealed its breach of warranty and deceived Ms. Gilleland and others like her. Hyundai has been notified of the breaches of the applicable warranties, but has not, and cannot, make the vehicle conform to the applicable warranty.

16.     Joseph Bowe is a 66-year-old native of Danville, Virginia. He left Danville in 1966 and moved to the Bronx in New York where he worked in the chemical, soap, and paint industries.  He returned to Danville in 2010 to retire around his two brothers and three sisters.  Mr. Bowe left a daughter in New York and has another daughter living in

Florida, who are the mothers of his eight grandchildren.  Mr. Bowe owned a 2009

Hyundai, which he had no trouble with, and when he heard about the new Elantra which

obtained 40 miles-per-gallon he traded in his old Elantra so he could get better mileage

on his trips to New York and Florida to see his daughters and grandchildren.  On

December 8, 2011 Mr. Bowe purchased a new 2012 Hyundai Elantra for a purchase

price of $18,520.41.  In spite of the express warranty that his vehicle would obtain 40

miles-per-gallon on the highway, it only obtains 33.88 miles-per-gallon on the highway.

At the same time Mr. Bowe's Elantra only obtains 33.88 miles-per-gallon, the onboard

mileage calculator, which is warranted to be accurate, falsely and erroneously reports

his vehicle obtains 41.2 miles-per-gallon on the highway. By having the onboard

mileage calculator falsely show he was obtaining slightly more than the 40 miles-per-

gallon warranted, Hyundai hid and concealed its breach of warranty for a long period of

time deceiving Mr. Bowe and others like him.

17.     Michael DeSouto is a 42-year-old married father of two living in Salem, Virginia.

He is from New Canaan, Connecticut.  He joined the Air Force in 1997 and served in

Ariano, Italy in support of the Bosnia Campaign; he served out of Prince Sultan Air

Base south of Riyadh, Saudi Arabia in support of the southern no-fly zone in Iraq and

Kuwait, and in Kandahar, Afghanistan in support of the 25 Infantry Division.  He is the

recipient of numerous awards and medals for his service. He was honorably discharged

in 2009 and then began employment with the United States Forestry Service,

Department of Agriculture where he remains today.  On or about September 5, 2011

Mr. DeSouto was in a Wal-Mart parking lot and saw a Hyundai Elantra.  He started a

conversation with the lady driving it and she told him she had just made a trip to

Georgia and they obtained 40 miles-per-gallon on the trip.  Mr. DeSouto believes the

woman was looking at the onboard calculator when she told him this. Mr. DeSouto was

so impressed he went to the First Team Hyundai that day and leased a new 2012

Hyundai Elantra. The agreed price of the vehicle was $21,550 with 36 monthly lease

payments of $358.36. In spite of Hyundai's express warranty that his vehicle would

obtain 40 miles-per-gallon on the highway, Mr. DeSouto's vehicle only obtains 35.4

miles-per-gallon. At the same time Mr. DeSouto's vehicle only obtains 35.4 miles-per-

gallon, his on-board mileage calculator, which is warranted to be "accurate" by Hyundai,

falsely shows he was purportedly obtaining 40 miles-per-gallon. In this way Hyundai

concealed its breach of warranty and deceived Mr. DeSouto and others like him.

18.     The facts surrounding the purchase of a 2011-2013 Elantra by the five named

class representatives are typical of what happened to over 16,000 Virginians. This

lawsuit can be amended to include 50, 500, 5,000, or 15,000 victims of Hyundai's

misconduct, all of whose stories will be similar to what these five representatives

experienced and continue to experience.

## COUNT ONE

## LEMON LAW- THE VIRGINIA
## MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VA. CODE § 59.1-207.9

19.     The allegations of paragraph 1-18 are expressly incorporated and re-pled herein

*en toto*.

20      The proposed Class for the Virginia Lemon Law claim consists of all persons

who purchased or leased a 2011-2013 Hyundai Elantra in Virginia.

21.     The Virginia Motor Vehicle Warranty Enforcement Act provides that a

manufacturer of motor vehicles must conform a new motor vehicle to any applicable

warranty by repairing or correcting any defect or condition which impairs the use,

market value, or safety of the vehicle, or (1) replace the motor vehicle with a

comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund to the consumer the full contract price, including all collateral charges and incidental damages, plus attorney's fees, expert witness fees, and court costs.  Under the Virginia Lemon Law, the term "warranty" means any implied warranty or any written warranty of the manufacturer, or any affirmations of fact or promise made by the manufacturer in connection with the sale or lease of a motor vehicle that becomes part of the basis of the bargain.  Hyundai repeatedly made affirmations of fact regarding the highway mileage in connection with the sale of the Elantra.  For example, on April 18, 2012 Hyundai published on its website the following statements:

> " 'With its 29 mpg city and 40 mpg highway standard fuel
> economy rating, Elantra is a perfect vehicle for consumers
> looking for an affordable solution to rising gas prices,' said
> Scott Margagen, director, Product Planning, Hyundai Motor
> America. ' Elantra is one of the vehicles at the core of
> Hyundai's fuel economy strategy. In the first quarter of 2012,
> 39 percent of all Hyundai vehicles sold achieved 40 mpg on
> the highway thanks in large part to Elantra's continued
> success.'" See, Hyundai news 04/18/12 at
> https://hyundaiusa.com/about-
> hyundai/news/Corporate_2012_Elantra_KBB_Green-2

22.     The 2013 Elantra's Owner's Handbook and Warranty Information specifically states:

> "The 5th generation Elantra was redesigned in 2011 and
> delivers design, safety, and up to 40 MPG Highway".

23.     These affirmations of fact, and the other representative examples of the affirmations of fact regarding highway mileage found in Exhibit 1-A, as well as other similar advertisements and statements, are not required by, nor do they comply with, the Federal laws regarding advertising of motor vehicle mileage.  See, 16 CFR 259 et seq.  The numerous affirmations of fact made by Hyundai, its agents, and authorized

dealers regarding the highway mileage allegedly obtained by the Elantra are a part of the contract between Hyundai and members of the Class, and constitute express warranties under Virginia Law. *See*, *Daughtrey v. Ashe*, 243 VA. 73, 413 S.E.2d 336 (1992). *See*, *Martin v. American Medical Systems, Inc.*, 116 F.3d 102 (4th Cir. 1997).

24.     Hyundai cannot conform its vehicle to the mileage warranty it made on the 2011-2013 Elantra's. No number of repair attempts will make the vehicles obtain the warranted gas mileage because the vehicles simply will not perform as warranted. This failure to conform the vehicle to the applicable warranties significantly impairs the use, market value, and safety of the motor vehicles requiring a repurchase or "buy-back" of the vehicles pursuant to law.

25.     Hyundai represented to the buyers of the Elantra that the on-board mileage calculator would deliver an "accurate" calculation of the miles-per-gallon the vehicle obtains. *See*, Owner's Manual page 4:49. The on-board mileage calculator does not accurately calculate or display the actual miles-per-gallon obtained by the vehicle. The on-board mileage calculator displays a higher miles-per-gallon figure than the vehicle actually achieves. The standard practice in the automotive industry is to thoroughly test-drive numerous examples of any vehicle offered to the public before releasing the vehicle for sale to the public. During these rigorous and extensive test drives it is industry-wide practice to measure the amount of gasoline consumed and to record the miles travelled in the test drives so as to measure the actual miles-per-gallon obtained by the vehicle. On information and belief Hyundai actually performed this industry-wide practice and actually learned and knew the 2011, 2012, and 2013 Elantra could not obtain the mileage warranted, and that the on-board mileage calculator falsely "showed" the consumer that he or she was obtaining the mileage warranted or close to it. By this conduct defendant Hyundai intended to conceal the Lemon Law cause of action by trick or artifice, and in fact did actually conceal the Lemon Law cause of action from the

purchasers of these vehicles.

26.     On November 28, 2012 John Krafcik, President and Chief Executive Officer of Defendant Hyundai Motor America, again addressed the Los Angeles Auto Show and specifically stated he was "*giving an update on our fuel economy situation.*"  Krafcik represented to the world: "*We are treating this like a serious matter it is. And we are treating each customer like we all want to be treated. We are owning this issue and letting folks know we care and are making it right for them as long as they own their cars.*"  In spite of these statements defendant Hyundai, and its lawyers from coast-to-coast, deny any wrongdoing and refuse to comply with the Virginia Lemon Law, the Motor Vehicle Warranty Enforcement Act.

27.     WHEREFORE the Plaintiffs, on behalf of themselves and all others similarly situated, move the Court for judgment against Hyundai awarding a repurchase or "buy back" remedy consisting of a refund to the Plaintiff and all others similarly situated, of the full contract price, incidental damages, attorney fees, expert witness fees, and court costs.


# COUNT TWO

# THE VIRGINIA CONSUMER PROTECTION ACT OF 1977


28.     The allegations of paragraphs 1 through 27 above are expressly incorporated and re-pled herein.

29.     The proposed Class for the Virginia Consumer Protection Act claim consists of all persons who purchased or leased a 2011-2013 Hyundai Elantra in Virginia.

30.     The Virginia Consumer Protection Act was enacted as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming

public. _See_, VA.Code § 59.1-197. The Defendant Hyundai is a "supplier" engaging in consumer transactions with the Plaintiffs Gentry, Gilleland, Scott, Bowe and DeSouto, and every other person in the Class who bought a 2011-2013 Hyundai Elantra in the Commonwealth of Virginia. The Virginia Consumer Protection Act of 1977 prohibits Hyundai from misrepresenting that goods have certain characteristics, uses, benefits, or qualities. _See_, VA. Code § 59.1-200(A)(5) and (6).  The Virginia Consumer Protection Act of 1977 prohibits the advertising of goods with intent not to sell them as advertised, or with the intent not to sell them upon the terms advertised. _See_, VA. Code § 59.1-200(8). In any action brought under this subsection the refusal of any supplier to sell goods upon the terms advertised "shall be _prima facie_ evidence of a violation of this subdivision." Id. The Virginia Consumer Protection Act of 1977 prohibits Hyundai from "using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." _See,_ VA. Code § 59.1-200 (14).

31.     The Defendant Hyundai violated the Virginia Consumer Protection Act in numerous ways, including:

A.     Hyundai misrepresented that the 2011-2013 Elantra obtained 38 or 40 highway miles-per-gallon when it knew it would not achieve this mileage;

B.     Hyundai has refused to sell any 2011-2013 Elantra's to the Plaintiff or any other member of the Class which actually gets 38 or 40 highway miles-per-gallon, thereby establishing _prima facie_ evidence of a violation of Va. Code § 59.1-200 (A)(8).

C.     Hyundai has represented that its on-board mileage calculator will provide an "accurate" measure of the miles per gallon obtained by the vehicle, when Hyundai knows this equipment will not accurately measure the miles per gallon obtained. This is _prima facie_ evidence of a violation of VA. Code § 59.1-200 (A)(8). This intentional conduct has concealed and hidden the cause of action from the Plaintiffs and all other members of the class.

D.     The Hyundai Official Website advertises the 2013 Elantra at "38 MPG HWY" in dark letters on a white background. *See*, Screen shots at the end of Exhibit 1-A. When looking at the website on a computer screen it does not appear that there are any footnotes in connection with the advertised "38 MPG HWY". When the same page of the website is printed, the printed copy reveals a footnote "3" to the upper right of the "38". In spite of a thorough search of the website, the footnote "3" cannot be located. On information and belief footnote "3" is some disclaimer or explanation of the advertised "38 MPG HWY". Hyundai's intentional placement of footnote "3" in white on a white background so it cannot be seen when looking at the screen, (but it can be seen when it is printed), coupled with the difficult, if not impossible, to locate text of footnote "3", constitutes the use of "deception…false pretense, false promise, or misrepresentation in connection with a consumer transaction" in violation of VA. Code § 59.1-200 (A)(14).

E.     The alleged inspection and testing of Gentry's vehicle performed on June 18, 2013 at which Hyundai employees claimed that Gentry's vehicle obtained "62.1890547" miles-per-gallon on the highway and "42.904290429"miles-per-gallon on the highway constituted the use of "deception…false pretense, false promise and/or misrepresentation in connection with a consumer transaction." Gentry's own meticulous calculations of the mileage obtained in highway driving shows the allegations of the Hyundai employees are false. The careful highway mileage calculations made by Hyundai's agent and authorized dealer, Mr. Wright, shows the allegations of Hyundai's employees are false. The inaccurate allegations of Hyundai's employees, coupled with their statements that challenge the consumer to sue them if they do not agree, demonstrate a scheme to falsely portray the Elantra as actually obtaining the highway mileage as advertised, and then daring any individual consumer to incur the cost and risk necessary to challenge Hyundai in court, all in violation of the

Virginia Consumer Protection Act.

32.     The named representatives and each member of the class, as a result of Hyundai's violations of the Virginia Consumer Protection Act, have suffered actual loss. Each of the named representatives specifically relied upon Hyundai's mile-per-gallon advertisements and warranties. Hyundai Motor America fully expected, intended, and enticed this reliance.  As the President and Chief Executive Officer of Hyundai Motor America said on June 23, 2009 "*We have a terrific chart which shows the percentage of the auto industry that's comprised of compact cars, and that shows correlation perfectly, absolutely perfectly, to fuel price so as the fuel price goes down the percentage of entry in compact cars in the industry goes down, and as fuel prices go up the percentage goes up in lock-step. It's remarkable.*"  The Virginia Consumer Protection Act provides that if the trier of fact finds that any violation of the Act was willful it may increase damages to an amount not exceeding three times the actual damages sustained or $1,000, whichever is greater. VA. Code §59.1-204(A).  The Plaintiffs on behalf of themselves and for the entire class allege that each and every violation of the Virginia Consumer Protection Act was willfully executed by Hyundai for the obvious purpose of taking advantage of Virginian's desire to save money by using less gasoline and to protect the environment by the release of less carbon dioxide pollution into the atmosphere. Knowing that Virginians would respond positively to spending less money for fuel and causing less damage to the environment, Hyundai willfully violated the Virginia Consumer Protection Act in each way described above, and in other ways as discovery reveals, in a "successful" and highly-profitable effort to increase the sales of its motor vehicles.  Defendant Hyundai programmed and installed the on-board mileage calculator to show that the vehicle is getting higher mileage than actually obtained, thereby deceiving and lulling the Plaintiff and others similarly situated into believing they were actually obtaining the highway mileage Hyundai advertised and warranted the

Case 3:13-cv-00630-NKM-RSB Document 27-1 Filed 10/24/13 Page 19 of 21 Pageid# 159
Case 3:14-cv-00367-NKM-FFM Document 1-1 Filed 02/03/14 Page 19 of 21 Page 159
#:59

vehicle would achieve. After perpetrating this scheme Hyundai willfully violated the

Virginia Consumer Protection Act by conjuring and fabricating highway mileage "results"

and then daring the individual consumer such as Gentry to take legal action against it,

at which point Hyundai would use its $84 billion in annual revenue to overwhelm any

individual litigant in court. The Plaintiffs on behalf of themselves and the Class seek

three times the actual damages, (a sum which is established for each consumer and

member of the Class by the Virginia Lemon Law as the refund of the full purchase

price, incidental damages, expert witness fees and costs.)  Only in this way will the

clearly expressed public policy of Virginia be fulfilled. Only in this way will the Defendant

Hyundai be disgorged of its many millions of dollars in ill-gotten gains and punished for

its conduct.  Only in this way will other motor vehicle manufacturers learn that violations

of the Virginia Consumer Protection Act will be dealt with as prescribed by law, thereby

deterring any temptation by others to engage in the same or similar conduct.


## COUNT THREE

### VIOLATION OF VA. CODE §18.2-216 PROHIBITING UNTRUE, DECEPTIVE, OR MISLEADING ADVERTISING, INDUCEMENTS, WRITINGS OR DOCUMENTS


33.     The allegations of paragraphs 1 through 32 are expressly incorporated and re-

pled herein *en toto*.

34.     The proposed Class for violations of VA. Code § 18.2-216 consists of all persons

who purchased a 2011-2013 Hyundai Elantra in Virginia.

35.     VA. Code §18.2-216 broadly prohibits untrue, deceptive, or misleading

advertisements to the public with the intent to increase the public's consumption of

anything offered for sale by the advertiser.  VA. Code §59.1-68.36 provides that any

person who suffers loss as the result of a violation of §18.2-216 shall be entitled to

bring an individual action to recover damages, or $100, whichever is greater. The actions of Hyundai previously described herein are violations of VA. Code §18.2-216 and the Plaintiff seeks damages for each and every violation and attorney fees as a result thereof as provided by VA. Code §59.1-68.3.

WHEREFORE, the Plaintiffs move the Court for judgment against Defendant Hyundai and in favor of each member of the Class for the full purchase price of the vehicle, including all collateral charges and incidental damages, as provided by the Virginia Motor Vehicle Warranty Enforcement Act, treble damages as provided by the Virginia Consumer Protection Act, statutory damages as provided by Virginia Code §59.1-68.3, plus reasonable attorney's fees in the amount of $350 per hour, or one-third of any amount recovered, whichever is greater, plus expert witness fees, and court costs all provided by law. Trial by jury is requested.

Respectfully submitted,

John William Gentry, Linda Ruth Scott, Danielle Kay Gilleland, Joseph Bowe, and Michael DeSouto

By: __**s/ James B. Feinman**__
Of Counsel

James B. Feinman (VSB# 28125)
Andrew D. Finnicum (VSB# 80358)
James B. Feinman & Associates
P.O. Box 697
1003 Church Street. 2nd Floor
Lynchburg, Virginia 24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
Counsel for Plaintiffs
jb@jfeinman.com
Andrew@jfeinman.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2013, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: James F. Neale, Esquire, Counsel for defendant and Joseph R. Ashby, Esquire, counsel for Defendant. I have emailed a copy to James F. Neale, Esquire, Counsel for defendant at jneale@mcguirewoods.com and to Joseph R. Ashby, Counsel for Defendant, josephashby@quinnemanuel.com .

s/ James B. Feinman
Virginia Bar Number 28125
Attorney for the Plaintiff
James B. Feinman & Associates
1003 Church Street
P.O. Box 697
Lynchburg, Virginia 24505
Telephone: (434) 846-7603
Fax: (434) 846-0158
jb@jfeinman.com